E-FILED
Thursday, 09 October, 2014 04:46:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY L. NEWMAN, | ) |
| Plaintiff, | ) |
| v. | ) 14-CV-2187 |
| WARDEN K. ANGLIN, et.al., | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

Sue E. Myerscough, U.S. District Judge.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

The Plaintiff, a pro se prisoner, alleges his constitutional rights were violated at Danville Correctional Center by seven Defendants

including Warden K. Anglin, Illinois Department of Corrections (IDOC) Director S.A. Godinez, Health Care Administrator Mary Miller, Dentist Dr. Thomas Burrell, Officer Shackman, Nurse Patty and Dental Assistant Amber Davis. The Plaintiff alleges the Defendants were deliberately indifferent to his serious medical condition when they delayed care for his serious tooth pain.

The Plaintiff says Dentist Dr. Burrell and Assistant Davis attempted to remove one of his teeth on April 22, 2013, but the tooth broke during the procedure. The Plaintiff was given pain medication, but he was still unable to eat or sleep. The Plaintiff was sent to an oral surgeon the next day to have the remainder of the root removed. The surgeon took x-rays and prescribed pain medication and antibiotics, but the Plaintiff claims Dentist Burrell refused to approve surgery.

The Plaintiff has attached several documents to his complaint including the response to his grievance. Danville's Health Care Unit maintains the Plaintiff was sent to the surgeon on April 22, 2013 for a consultation only. The surgery was not scheduled until medical providers could review the possible risks with the Plaintiff and the

Plaintiff had signed a consent form. (Comp, 1-1, p. 3, 13). The rest of the Plaintiff's tooth was removed on June 3, 2013. Nevertheless, the Plaintiff maintains his gums were swollen and bleeding, he could not eat, and he suffered in extreme pain for over a month while he waited for the surgery.

## ANALYSIS

The Plaintiff has adequately alleged Defendants Burrell, Adams, Miller, Nurse Patty, Schackman, and Davis violated his Eighth Amendment rights when they either refused to provide care for his tooth pain or delayed needed surgery. The Plaintiff states he spoke with each Defendant, but they ignored his complaints.

The Plaintiff only mentions Defendants Warden Anglin and IDOC Director Godinez in the list of Defendants which is not sufficient. *See Potter v Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). A defendant cannot be held liable under 42 USC

§1983 unless a Plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos,* 679 F.2d 1223, 1227 (7th Cir. 1982). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of respondeat superior (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Therefore, the court will dismiss Defendants Anglin and Godinez.

The court notes the Plaintiff has also filed a motion to amend his complaint. [6]. However, the document does not include a complete, proposed amended complaint. Instead, the Plaintiff is asking to add claims such as a due process violation for failing to properly respond to his grievance. First, the court does not allow piecemeal amendments. In other words, if the Plaintiff wishes to amend his claims he must file a motion with a proposed amended complaint attached in full. The amended complaint must stand complete on its own, include all claims against all Defendants and not make reference to any previous complaint. Second, a Defendant's failure to respond to a grievance does not rise to the level of a

constitutional violation. *See Perales v Bowlin,* 644 F.Supp.2d 1090, 1100 (N.D. Ill. 2009)(ignoring grievance or failing to investigate does not make an official liable for damages under Sec. 1983). Therefore, the motion to amend is denied. [6]

## MOTION FOR COUNSEL

The Plaintiff has filed a motion for the appointment of pro bono counsel.[3] Although there is no right to court appointed counsel in federal civil litigation, district courts may ask attorneys to represent indigent litigants on a volunteer basis. *See* 28 U.S.C. § 1915(e)(1).

> Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014),*reh'g denied* (May 16, 2014).

In deciding this issue, district courts must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.

2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).  In this case, the Plaintiff has demonstrated an attempt to find counsel on his own. Therefore, the court must move on to the second inquiry involving the Plaintiff's ability to litigate his claims.

A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements." *Pruitt,* 503 F.3d at 655. "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" *Santiago v. Walls,* 599 F.3d 749, 762 (7th Cir. 2010), *quoting Pruitt,* 503 F.3d at 656.

The Plaintiff has not provided any information concerning his education level, nor his litigation experience. However, based upon a review Plaintiff's Complaint, the court concludes that Plaintiff is competent to litigate his claims at this point.  Although the case involves the Plaintiff's medical condition, his Complaint is literate

and on-point, coherently setting forth the factual basis of his claims and describing in detail the pain he experienced and the defendants' responses to his pleas. The Plaintiff has also attached copies of relevant medical records and grievances to his complaint. Through simple discovery, the Plaintiff will be able to obtain copies of additional medical records both at Danville Correctional Center and from his oral surgeon. Furthermore, the Plaintiff should be able to testify personally to the pain he experienced, his attempts to obtain help, and the responses he received, which can be used to show evidence of deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). In addition, once the Defendants have been served and have filed an answer to the complaint, the court will enter a scheduling order which contains information to assist a pro se litigant and requires the Defendants to provide relevant discovery.

Accordingly, based on the limited information available in the record at this early stage, the Court concludes that Plaintiff appears

competent to proceed pro se.  Further development of the record may show otherwise.

**IT IS THEREFORE ORDERED:**

Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff alleges Burrell, Miller, Nurse Patty, Schackman and Davis violated his Eighth Amendment rights when they either refused to provide care for his tooth pain or delayed needed surgery. The claim is stated against the Defendants in their individual capacities only.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

1)    This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

2) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

3) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under

the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

     5)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

6) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

7) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

8) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

10) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance and Accountability Act.**

11) **The Clerk is directed to dismiss Defendants Anglin and Godinez for failure to state a claim upon which relief can be granted.**

12) **The Plaintiff's motion to leave to amend his complaint and motion for appointment of counsel are both denied. [3, 6]**

ENTERED: October 7, 2014.

FOR THE COURT:

<u>s/ Sue Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE